UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MG FREESITES LTD,

                      Plaintiff,

          -v-

SCORPCAST, LLC *d/b/a* HAULSTARS,

                      Defendant.

---

22 Misc. 361 (PAE)

OPINION &
ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion by plaintiff MG Freesites LTD ("MG Freesites") to quash an amended third-party subpoena, Dkt. 13, Ex. 1 (the "Subpoena"), served upon Mastercard Inc. by defendant Scorpcast, LLC, doing business as HaulStars ("Scorpcast"). Scorpcast's subpoena relates to ongoing litigation in the District of Delaware, between MG Freesites and Scorpcast, *MG FreeSites Ltd. v. ScorpCast, LLC*, No. 20 Civ. 1012 (MFK) (D. Del.) ("*MG I*"); *Scorpcast, LLC v. MG Freesites Ltd.*, No. 21 Civ. 887 (MFK) (D. Del.) ("*MG II*," and with "*MG I*," the "Delaware litigation"), in which, *inter alia*, Scorpcast accuses MG Freesites of infringing certain Scorpcast patents in its operation of adult entertainment websites. The Subpoena seeks, *inter alia*, financial documents held by Mastercard alleged to relate to the Delaware litigation.

For the reasons that follow, the Court grants MG Freesites's motion to quash with respect to eight of the nine requests for production (requests #2 through #9), but denies that motion with respect to the remaining request (request #1). Request #1, as modified herein, is permissible under the Federal Rules of Civil Procedure.

I.      **Background**

Since July 2020, Scorpcast and MG Freesites have been involved in the Delaware litigation. That litigation involves two related cases, one of which originated in the Western District of Texas and was transferred to the District of Delaware. In *MG II*, Scorpcast sues MG Freesites for infringing several patents owned by Scorpcast. In *MG I*, MG Freesites sues Scorpcast seeking, *inter alia*, a declaratory judgment of noninfringement of the Scorpcast patents. Other litigation in the Eastern District of Texas, involving Scorpcast suing MG Freesites's content partners, is ongoing but stayed pending an appeal to the Federal Circuit, by Scorpcast, of the invalidation of one its patents.

On October 21, 2022, Scorpcast filed a Notice of Subpoena in the Delaware litigation, which included a subpoena directed to Mastercard. Dkt. 2, Ex. 1 (the "First Subpoena"). On December 16, 2022, MG Freesites filed in this Court a motion to quash the First Subpoena. Dkt. 1. On January 9, 2023, Scorpcast filed a Notice of First Amended Subpoena in the Delaware litigation, which, again, included a subpoena to Mastercard. The Amended Subpoena was directed to Mastercard's general counsel in Purchase, New York, and called for the production of documents. *See id.* The Amended Subpoena, in principal part, seeks an array of financial and banking information relating to MG Freesites, as more fully described below in the assessment of particular calls, or requests, within the Subpoena.

On January 11, 2023, this Court received notice that in light of the Amended Subpoena, MG Freesites would withdraw the motion to quash the First Subpoena. Dkts. 8 (letter), 9 (order setting deadline of January 31, 2023 for any renewed motion). On January 31, 2023, MG Freesites moved to quash the Subpoena. Dkts. 11, 12 ("Mot."), 13. On February 10, 2023, Scorpcast opposed the motion. Dkt. 17 ("Opp."). On February 14, 2023, MG Freesites replied. Dkt. 20 ("Reply").

## II.    Discussion

### A.    Legal Standards

Federal Rule of Civil Produce 45 ("Rule 45") governs discovery from non-parties.  Under

Rule 45, the Court is required to quash or modify a subpoena that subjects the recipient to an

undue burden or requires the disclosure of privileged information.  *See* Fed. R. Civ. P.

45(d)(3)(A).  In assessing whether the subpoena imposes an undue burden, courts weigh "the

burden to the subpoenaed party against the value of the information to the serving party" by

considering factors such as "relevance, the need of the party for the documents, the breadth of

the document request, the time period covered by it, the particularity with which the documents

are described and the burden imposed." *Bridgeport Music Inc. v. UMG Recordings, Inc.*, No. 05

Civ. 6430 (VM) (JCF), 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007) (quoting *Travelers*

*Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)).  The Court also may,

at its discretion, quash or modify a subpoena that seeks trade secrets or other confidential

commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B).  "The movant bears the burden of

persuasion on a motion to quash." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590

(LTS) (HBP), 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013).

"Motions to compel and motions to quash a subpoena are both 'entrusted to the sound

discretion of the district court.'" *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting

*United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

### B.    Standing

At the threshold, Scorpcast argues that MG Freesites lacks standing to challenge the

Subpoena.  Opp. at 2–5.  MG Freesites disagrees.  Mot. at 5–6.

In general, a party does not have standing to "challenge subpoenas issued to non-parties

on the grounds of relevancy or undue burden." *Universitas Educ., LLC*, 2013 WL 57892, at *5.

3

However, courts have recognized exceptions where the moving party has a personal privacy right or privilege in the subpoenaed documents. *See Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018). Courts have also recognized an exception where the party has some "proprietary interest in the subpoenaed matter." *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000).

Scorpcast argues that MG Freesites lacks a "privacy" interest in Mastercard's banking records and financial information, Opp. at 1, because MG Freesites is a corporate entity, not an individual, and, in general, corporations, as opposed to individuals, lack a "privacy interest in their financial documents," *id.* at 3 (cleaned up). Thus, it contends, MG Freesites lacks standing to object, on privacy grounds, to a subpoena served on a non-party. *Id.* Scorpcast distinguishes the cases cited by MG Freesites—in which courts have quashed third-party subpoenas of financial information—on the ground that each involved individual(s) asserting privacy interests, and notes that doctrine generally treats corporations as enjoying limited if any privacy rights. *Id.* at 2–3.

Scorpcast's reading of standing law in this area is too crimped. Although as a general proposition, corporations do not enjoy the same privacy protections as individuals, it is incorrect that courts in this District and Circuit have held that only private individuals have standing to quash subpoenas seeking financial data. *See, e.g., Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, No. 22 Misc. 353 (RA) (GWG), 2023 WL 163256, at *1 (S.D.N.Y. Jan. 12, 2023) (holding that corporation has privacy interest in its bank records and thus has standing to challenge third-party subpoena); *Allstate Ins. Co. v. All Cnty., LLC*, No. 19 Civ. 7121 (WFK) (SJB), 2020 WL 5668956, at *2 (E.D.N.Y. Sept. 22, 2020) ("Though the subpoenas are directed to third parties, because the subpoenas seek financial information about

4

[corporate defendant], it has standing to seek relief."); *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (holding that tribe had standing to quash subpoena seeking its banking records); *see generally Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA) (HBP), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (noting that courts have "afforded the same protection to corporations and LLC's," and collecting cases).

The apposite issue as to standing is thus the fact-specific one of whether MG Freesites has demonstrated a sufficient privacy interest in the specific documents, records, and information sought in the Subpoena. It clearly does. "Information regarding a party's financial records may give rise to a privacy interest." *KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236 (LTS) (RLE), 2014 WL 1199326 at *3 (S.D.N.Y. Mar. 21, 2014) (collecting cases). Here, the Subpoena seeks, *inter alia*, records providing the "the dollar value of payments Mastercard processed for" MG Freesites; "[a]greements between Mastercard and [MG Freesites] related to payments processed for [MG Freesites]"; and "[d]ocuments sufficient to show any third parties that are involved in Mastercard's processing of payments for [MG Freesites]." Subpoena at 11. This financial data and related information and agreements, which as described includes sensitive data, Mot. at 3, implicate MG Freesites's "financial affairs," *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA) (HBP), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (internal quotation omitted). The Court therefore finds that MG Freesites's stated interest is sufficient to give it standing to challenge the Subpoena's demands for financial information.[1]

---

[1] Insofar as large portions of the materials sought qualify as financial information with respect to which MG Freesites has standing, it is unnecessary for the Court to make an independent determination as to standing with respect to each distinct call or document within the subpoena. Standing premised on a privacy interest allows challenges to related documents and other materials *not* directly implicated by the privacy interest. *See Copantitla v. Fiskardo Estiatorio,*

5

### C.    Merits

"[T]he next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted." *Solow v. Conseco, Inc.*, No. 06 Civ. 5988 (BSJ) (THK), 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008). "The burden of demonstrating relevance is on the party seeking discovery," but "general and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811 (CM) (JCF), 2012 WL 5395249, at *3 (S.D.N.Y. Nov. 5, 2012) (cleaned up). "[I]t is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself." *Arch Assocs., Inc. v. HuAmerica Int'l, Inc.*, No. 93 Civ. 2168 (PKL), 1994 WL 30487, at *1 (S.D.N.Y. Jan. 28, 1994). Once the party seeking production of the materials meets its "burden of showing relevance sufficient to justify discovery, the burden shifts to [the movant] to show why discovery should not be had." *A.I.A. Holdings S.A. v. Lehman Bros.*, No. 97 Civ. 4978 (LMM) (HBP), 2000 WL 763848, at *3 (S.D.N.Y. June 12, 2000) (cleaned up).

The Court reviews each of the nine categories of information sought—and challenged— in the Subpoena to Mastercard. For the reasons explained, the Court quashes the Subpoena as to some, but not all, of these requests for information.

---

*Inc.*, No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *8 n.3 (S.D.N.Y. Apr. 5, 2010) (finding standing to quash subpoenas seeking "personal information about the individual defendants, including their business financial and employment relationship[s] . . . [a]lthough not all of the [subpoena] requests seek such information, the fact that some of them do is sufficient"). The Court will thus evaluate on the merits MG Freesites's challenges to demands in the Subpoena for other information, such as communications between Mastercard and various former executives of MG Freesites. *See* Subpoena at 11–12.

***Request for Production ("RFP") #1:*** RFP #1 seeks documents showing "the dollar value of payments Mastercard processed for the [d]efendants[2] related to the Accused Instrumentalities," which includes MG Freesites. Subpoena at 11. The Court denies the motion to quash this subpoena, subject to Scorpcast's proposed modification of RFP #1,[3] and a separate one imposed by the Court. The financial records are "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), insofar as they could shed light on the scope of damages available to Scorpcast stemming from the alleged patent infringement. Further, the Court credits Scorpcast's assertion that these records are necessary to understand MG Freesites's "monthly revenue and expenditures," which have been subject to "gaps and inconsistencies in the financial information MG Freesites has produced in ongoing party discovery." Opp. at 7. MG Freesites denounces this request as an "end-run around party discovery," Reply at 7, because Scorpcast could seek more party discovery from MG Freesites which, in theory, might resolve these questions. But Scorpcast is not arguing that it has been denied party discovery from MG Freesites—it is seeking to test the accuracy of that discovery via revenue and expenditure data compiled by third parties. That is a valid purpose. *See Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (denying motion to quash request for production in third-party subpoena where

---

[2] Defendants, as referred to in the requests for production, consist of a set of commercial entities involved in and related to the Delaware litigation. These are: "MG Freesites Ltd, MindGeek S.A.R.L., MG Premium Ltd, MG Billing US Corp., MG Billing Limited, 9219-1568 Quebec, Inc., MCGY Holdings, MG Global Entertainment Inc., [and] MG Global Entertainment Europe." *See* Subpoena at 4.

[3] Relevant to RFP #1 as well as other requests, Scorpcast agrees to narrow the relevant time period to match the issuance of the oldest remaining asserted patent in the Delaware litigation after some were invalidated in January 2023. *See* Opp. at 7 ("[Scorpcast] therefore agrees to modify the definition of 'Relevant Time Period' to the earliest patent issue date (July 11, 2017) through the expiration of the [patents in the Delaware litigation] (*i.e.*, present)" (cleaned up)).

non-moving party sought to "test the accuracy and completeness of the [moving party's] discovery responses and [its] denials that additional information exists").

The Court, however, modifies the scope of the request, to eliminate vagueness that might give rise to a needless burden. "Accused Instrumentalities" is defined elsewhere in the requests for production as "all systems, methods, and functionality accused of infringing or relating to the infringement of any claim of the [Delaware litigation], including but not limited to, Adult Sites' (*e.g.*, Pornhub.com, etc.) Servers, video data storage, Servers using a network interface and the internet, programmatic code stored in non-transitory memory that is used by [d]efendants to create channels for their websites that are displayed within Pornhub and/or any other Adult Site, Pornhub and/or other Adult Sites interfaces which enable navigation to occur at least in response to a user selecting images and/or text resulting in navigation event opportunities." Subpoena at 6–7. MG Freesites rightly casts this as a "vague and overly broad definition," unworkable, and "burdensome," Mot. at 9–10, and Mastercard objects on similar grounds, Dkt. 13-2 at 6–7. And non-party Mastercard cannot be expected to know how MG Freesites's websites and technology function so as to give any workable meaning to the definition provided by MG Freesites. The Court orders MG Freesites, forthwith, to meet and confer with Scorpcast to modify RFP #1 to formulate "Accused Instrumentalities" with greater concreteness and particularity,[4] so as to minimize the burden imposed on Mastercard.

*RFPs #2–3:* RFPs #2–3 seek (1) "[d]ocuments sufficient to show any third parties that are involved in Mastercard's processing of payments for the [d]efendants related to the Accused Instrumentalities"; and (2) "[a]greements between Mastercard and the [d]efendants related to

---

[4] The Court expects the parties to agree upon such language. If not, they are to submit a succinct *joint* letter, due April 17, 2023, setting out, and defending, their respective formulations.

payments processed by Mastercard for the [d]efendants." Subpoena at 11. The Court quashes these requests. Scorpcast has not met its burden to demonstrate the relevance of these requests to the issues in the Delaware litigation. It has not explained why *third parties* interacting with Mastercard would generate documents relevant to the alleged patent infringement or the relevance to any damages issues of the dealings between Mastercard and other third parties. Nor has it explained why the contractual relationship between Mastercard and MG Freesites bears on damage issues in the Delaware litigation; Scorpcast's statement that "[t]he Delaware [l]itigation reveals that MG Freesites and [d]efendants conduct business with others in a deliberately designed way to confuse observers and obscure their activities," Opp. at 6, is conclusory and does not explain the need for these materials. Scorpcast's statement that it "believes this . . . because MG Freesites and [d]efendants generate money by monetizing pornographic videos," *id.*, also does not advance its cause. The pornography industry is not *per se* unlawful. *See Miller v. California*, 413 U.S. 15 (1973). And the underlying pleading to which Scorpcast cites does not support its claim of unlawful activity. *See* Opp. at 6 (citing pleading in Delaware litigation stating: "Defendants' Model Program is designed to let artists upload videos to the Tube Sties [sic] in order to monetize their pornographic videos. . . . Monetization of the artist's content is achieved, in part, by allowing the artist to receive a percentage of the advertising revenue associated with the artist's videos."). This category of discovery appears irrelevant, and "at most, attenuated from the claims asserted." *Wright v. City of New York*, No. 03 Civ. 2177 (ENV) (MDG), 2006 WL 3694551, at *2 (E.D.N.Y. Dec. 13, 2006) (cleaned up).

*RFP #4:* RFP #4 seeks documents relating to "TrafficJunky's services performed for" MG Freesites. Subpoena at 11. The Court grants the motion to quash this request. Scorpcast claims that these financial documents "are relevant to [Scorpcast's] damages claim in the

9

underlying Delaware [l]itigation." Opp. at 8. But as Freesites notes, "Scorpcast has not raised any claims or defenses relating to TrafficJunky in the underlying case." Mot. at 10. Moreover, Scorpcast has not made any concrete proffer as to the nature, or relevance, here of (1) TrafficJunky's business activities, at even a general level; (2) TrafficJunky's relationship to the Delaware litigation; and (3) TrafficJunky's relationship to Mastercard, vis-à-vis, MG Freesites.

*RFP #5:* This request seeks "[d]ocuments relating to Mastercard's decision to suspend business with MG Freesites . . . to the extent Mastercard's decision is related to the Accused Instrumentalities." Subpoena at 12. The Court grants the motion to quash, because Scorpcast has not articulated coherently how these are relevant to the Delaware litigation, which involves claims of patent infringement. Further, Scorpcast cites in RFP #5 an article reporting Mastercard's statements that it was suspending the use of its cards on Pornhub and other sites related to MG Freesites's operations after its own investigation into then-recent reports of videos depicting nonconsensual sexual activity and underage models. That article does not suggest that Mastercard had a separate basis for suspending its relationship that related to the Accused Instrumentalities. Scorpcast's sole response is that "[i]f there is no connection between Mastercard's decision to terminate and the Accused Instrumentalities, then Mastercard can simply respond 'none' to the discovery request." Reply at 4. That proviso does not salvage the request, which requires a non-speculative basis to be sustained. *See Collens v. City of New York,* 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims."). Scorpcast has not proffered any basis to contend

that Mastercard's suspension of business with MG Freesites had any relationship to any issue in the Delaware litigation.

***RFPs # 6–9:*** These seek (1) "[a]ll documents and communications between [Mastercard], MindGeek, [d]efendants and/or any third-party regarding the [l]awsuit"; and (2) communications between Mastercard and several former high-level executives of MindGeek. Subpoena at 11–12.  The Court quashes these requests.  Scorpcast has not met its burden to show the relevance of these materials to any claims or issue in the Delaware litigation.  As with RFP #5, Scorpcast postulates that there might be some alternative explanation, relevant to the Delaware litigation, for the terminated business relationship.  But that is entirely speculative.  As such, there is no concrete basis on which to find such discovery is relevant to any claim or defense in the Delaware litigation, let alone that the production of such material as requested would be proportional to the valid needs of the case.  *See New Falls Corp. v. Soni*, No. 16 Civ. 6805 (ADS) (AKT), 2020 WL 2836787, at *1 (E.D.N.Y. May 29, 2020).

## CONCLUSION

For the above reasons, the Court grants the motion to quash RFPs #2–9, and denies the motion, subject to modifications, to quash RFP #1.  The Clerk of Court is respectfully directed to terminate the pending motions and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: April 7, 2023
New York, New York

11